**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel VILLANUEVA, Defendant–Appellant.**

**No. 03–5235.**

United States Court of Appeals, Sixth Circuit.

March 12, 2004.

Robert C. Brooks, Memphis, TN, for Defendant–Appellant.

Before MARTIN, CLAY, and CUDAHY,* Circuit Judges.

## ORDER

Joel Villanueva appeals his judgment of conviction and sentence. He contends that the district court erred in denying his motion to suppress evidence. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

sitting by designation.

Villanueva was stopped for speeding. During the course of a license check, Villanueva gave his consent to search his vehicle and a drug dog alerted on the right rear wheel well of the vehicle. Police officers discovered twenty-seven kilograms of cocaine hidden in the wheel well.

Villanueva moved the district court to suppress the cocaine on the ground that the arresting officer (Chris Jones) violated his Fourth Amendment rights by exceeding the scope of the traffic stop without having reasonable suspicion. The magistrate judge determined that Officer Jones did not exceed the scope of the traffic stop and that Villanueva consented to the search of his vehicle during the license check. Accordingly, the magistrate judge recommended that the motion to suppress be denied. The district court adopted the magistrate judge's report and recommendation over Villanueva's objections. In addition to the reason advanced by the magistrate judge, the district court denied the motion to suppress because the drug dog alerted to the presence of narcotics. thereby providing probable cause to search Villanueva's vehicle.

Villanueva subsequently pleaded guilty to conspiring to possess with intent to distribute twenty-seven kilograms of cocaine in violation of 21 U.S.C. § 846. The district court sentenced Villanueva to seventy months of imprisonment and five years of supervised release.

On appeal, Villanueva contends that the district court erred by not granting his motion to suppress. The government concedes that Villanueva's base offense level for sentencing purposes should have been calculated at thirty, not thirty-four, because Villanueva received a minor role reduction in his sentence calculation pursuant to USSG § 3B1.2(b). Section 2D1.1(a)(3) of the Guidelines limits the base offense level to thirty whenever a defendant receives an adjustment under § 3B1.2. Consequently, the government requests that we vacate Villanueva's sentence and remand the case to the district court for resentencing.

In reviewing the district court's denial of a defendant's motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Miggins*, 302 F.3d 384, 397 (6th Cir.), *cert. denied*, 537 U.S. 1097, 123 S.Ct. 712, 154 L.Ed.2d 648 (2002) *and* 537 U.S. 1130, 123 S.Ct. 909, 154 L.Ed.2d 817 (2003) *and* 538 U.S. 971, 123 S.Ct. 1772, 155 L.Ed.2d 531 (2003) (citing *United States v. Bradshaw*, 102 F.3d 204, 209 (6th Cir.1996)). When reviewing the denial of a motion to suppress evidence, we consider the evidence in the light most favorable to the government. *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir.1993).

Upon review, we conclude that the district court did not clearly err.

Accordingly, we hereby affirm the district court's judgment denying the suppression motion for the reasons set forth in the magistrate judge's report and recommendation of September 6, 2002, as adopted by the district court in its order of October 21, 2002. Inasmuch as the government sua sponte conceded error with respect to Villanueva's sentencing calculation, we hereby vacate Villanueva's sentence and remand the case to the district court for consideration of the matter in the first instance.